20224. LOUISVILLE & NASHVILLE R. CO. *et al.* v. PORTER.

DECIDED MARCH 4, 1930. REHEARING DENIED APRIL 15, 1930.

*Hines & Carpenter, Jones, Jones, Johnston & Russell,* for plaintiff in error.

*Allen & Pottle,* contra.

LUKE, J. C. C. Porter brought an action for damages against the Louisville & Nashville Railroad Company and the Atlantic Coast Line Railroad Company as joint lessees of the Georgia Rail-

road & Banking Company, a corporation doing business under the trade name of Georgia Railroad. The jury found a verdict for the plaintiff, and the exception here is based solely upon the usual general grounds.

It is uncontradicted that at about 5:15 o'clock on the morning of January 8, 1928, a freight-train going towards Macon on the Georgia Railroad struck and killed two valuable mules belonging to the defendant in error. The track was straight, and the train, which was going down a very slight grade, was comparatively heavy. The engine struck the mules at a point between a quarter and a half mile from Croom's planing-mill. None of the plaintiff's witnesses testified as to the rate of speed of the train, and the defendants' witnesses swore that the train was running at its scheduled rate of 20 miles per hour when the mules were struck. One of these witnesses, however, testified that the train ran 41 miles in one and three-quarter hours, which would make the average speed for that distance a fraction over 23 miles an hour.

C. H. Harshbarger, sworn for the plaintiff, testified that his house was about half a mile from the place where the mules were killed; that he got up at 5:30 or 6 o'clock on the morning of January 8, 1928; and that he "did not know of any extraordinary fog that morning." Henry Echols, sworn for the plaintiff, testified by interrogatories that he was on duty as nightwatchman at Croom's planing-mill when the mules were killed, and that there was no fog there, but that there was plenty of smoke from burning sawdust. E. R. Collins, sworn for the plaintiff, testified that he lived a quarter of a mile from the railroad-track, about half a mile from the place where the mules were killed, and three quarters of a mile from Croom's planing mill; that he saw the light from the train that killed the mules, and that there was no fog to interfere with his seeing it; that it had rained during the early part of the night, but had cleared up, and that there was not any unusually heavy fog around his place; that "the engineer and fireman on the lookout could have seen down the track a half or three quarters of a mile;" and that the train ran about half a mile after it struck the mules, scattering one of them along the track. W. F. Downs testified that he lived within 200 yards of the planing-mill; that he got up at about 6 o'clock on the morning the mules were killed, and did not observe "any unusual or

extraordinary fog—nothing to amount to anything;" that he could have seen a distance of 200 yards at that time; that he did not know "how it was at 5 o'clock;" and that there was "just a little bit of smoke" from the shaving-pile at the mill.

The testimony of the engineer, fireman, and brakeman was in effect that they were all on the engine looking down the straight track when the mules were struck; that a heavy fog, mixed with smoke, made it impossible for them to see more than 25 or 30 feet ahead; and that after the mules were seen it was impossible to avoid striking them, though every effort was made to do so.

The petition alleges the following acts of negligence: (a) The unreasonable rate of speed of the train, to wit, 40 to 45 miles per hour. (b) The failure of the engineer to stop the train after he had seen the mules in ample time to avoid striking them. (c) The failure of the engineer and the fireman to keep a proper lookout to discover the mules on the track in time to avoid striking them.

The case is weak, but we can not say, in view of all the testimony, that there was not some evidence to support the jury's conclusion that the fog and smoke were not thick enough to prevent the engineer from seeing the mules on the straight track in time to avoid striking them. Therefore this court will not disturb the verdict, which has the approval of the trial judge.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*